## SCHULTZ *vs.* DAMBMANN.

### *In the Matter of the Estate of* HENRY SCHULTZ, *deceased.*

THE testator and his wife made an ante-nuptial contract, whereby they stipulated for a community of acquisitions, and that in case of the death of either, leaving children issue of the marriage, " the disposable part" of the half of the acquisitions belonging to the one dying should go to the survivor as " absolute and irrevocable property." The testator bequeathed his wife one-third of his estate, and it was held that the rights of the parties were to be determined by the law of Prussia, the place of their domicil at the time of the testator's death, notwithstanding the will was made in the City of New York.

The *lex domicilii* governs as to the testamentary capacity, in which are included not only the general capacity to make a will, but also the disposable power over the estate.

By the *Code Civil*, a testator who leaves three children can dispose of only one-fourth of his estate absolutely, and an additional fourth in usufruct in favor of his wife—and it was therefore held, that if the disposable part exceeded the one-third given by the will, the widow should be limited to the provisions of the will, but if it did not equal the one-third, the widow should be limited to the disposable part.

H. BARNEY, *for Executor.*

THE SURROGATE.—The testator, at the time of his decease, had his domicil at Cologne, in Rhenish Prussia. On the 13th of May, 1847, he entered into a marriage contract with Caroline Sophia Rumpel, by the articles whereof the community of property was excluded, and the parties agreed on the community of acquisitions only—that is, each should have a moiety of all future gains, and bear the half of any loss to be incurred. The third article of this contract provided, that in case of the death of either party, without leaving children, the whole bulk of acquisitions should remain with the survivor ; and by the fourth article it was declared that if either should die leaving children sprung from their matrimony, then "the disposable part of the half of their acquisitions belonging to the consort so dying, and to his or her respective heirs, shall remain with such survivor as absolute and irrevocable property." At the time of entering into this nuptial agreement, inventories were made according to the forms of the Prussian Law, of the separate estates of the parties, which· inventories afford the basis of ascertaining the acquisitions made since that period, and which formed the subject of the contract. After the marriage, the parties came to the city of New York, and on the 19th of October, 1847, M. Schultz, the husband, executed his will, . at this place and in the mode prescribed by our law. I do not understand the testator to have had his domicil in New York at the time of the execution of this testamentary paper, but however that may be, he subsequently removed to Cologne, where he was domiciled at the period of his death. I suppose the laws of Prussia would recognize the validity of the will executed in New York, so far as relates to forms and solemnities, the rule *locus regit actum*, being of universal acceptation on the Continent, and among the doctors of the civil law. But, on the other hand, it is true also that the *lex domicilii* governs as to the testamentary capacity, in which are included, not only the general capacity to make a will, but also the disposable power over the estate. (*John Voet, Ad pand. lib.* 28, *tit.* 3). By the 913th article of the *Code Civil*, which in the present case constitutes the law of the domicil, a tes-

tator can dispose only of half of his estate if he leaves one legitimate child, a third if he leaves two children, and a fourth if he leaves three or a greater number. (*Les Codes Francais, Bourquinon, p.* 137). M. Schultz left three children at his decease, and the disposable portion of his property was therefore under this section of the Code only one-quarter. The fourth article of the marriage contract provided that in case either party should die leaving issue, the disposable part of the half of the acquisitions belonging to the consort so dying should remain with the survivor. This disposable part, under the 913th section, there being three children, is only one-quarter; so that by the law of the domicil and by the express contract of marriage, the testator could by his will dispose absolutely of no more than one-quarter of his estate, and of his acquisitions posterior to his marriage. This is, however, to be taken subject to an exception constituted by the 1094th article of the Code, which authorizes the husband, in case he shall leave children, to give to his wife, by contract of marriage, either a fourth absolutely and a fourth in usufruct, or a half in usufruct solely. The language is, "*Soit par contrat de mariage, soit pendant le mariage*," whether by contract of marriage, or during marriage. Is a testamentary disposition a gift during marriage, contemplated by this section? I think it is. The general title in which this provision is contained refers to "Donations *inter vivos* and by *Testaments*," and the 1097th section shows that gifts "*pendant le mariage*," may by its terms include testamentary as well as other donations. I must therefore come to the conclusion, that the testator, by the law of his domicil, could dispose in favor of his wife of only one-quarter of his estate absolutely, or *en propriété*, and another quarter in usufruct. The will gave the widow one-third absolutely, and so far as it is in excess, it is invalid. There must be an inquiry to ascertain whether the provision made by the will reaches the full amount of the disposable portion; if it is less, the will must be the guide as to all the property except the acquisitions, which are governed by the marriage contract; if it is more, then the widow's share must be reduced to the disposable portion.